## BRITISH AMERICAN REALTY CORPORATION v WILLIAMS
Case No. CI86-13437 (Transferred from County Case No. CO86-4765)

Ninth Judicial Circuit, Orange County

March 5, 1987

### APPEARANCES OF COUNSEL

**Dana Hankins** for plaintiff.

**Catherine A. Tucker,** Legal Aid Society, for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

THIS CAUSE came on for hearing on February 20, 1987, upon the Counterclaim filed by CAROL WILLIAMS, Defendant, and both parties appearing with counsel and the Court having heard the testimony of the witnesses, argument of counsel and being duly advised in the premises, the Court finds that:

## FACTS

CAROL WILLIAMS rented an apartment or condominium at the complex managed by BRITISH AMERICAN REALTY CORPORATION for a year beginning in March 1985, and the following year in March, 1986.

At the time the parties signed a Lease and a Housing Program Addendum, the parties also signed an Agreement for Appliance Rental in March 1985, and again in February 1986. In August, 1986, when CAROL WILLIAMS did not pay her appliance rental fee, BRITISH AMERICAN removed the washer and dryer from the apartment.

Kingston Court contains condominium units, some of which are rented to tenants under a HUD Section 8 subsidy and some without a subsidy. At the time BRITISH AMERICAN entered into the Leases and Agreements with CAROL WILLIAMS, all units were rented with a range, refrigerator, dishwasher, garbage disposal and washer and dryer. Non-HUD tenants paid a higher rent than HUD tenants but did not pay a separate fee for the washer and dryer, nor did they execute a separate agreement for rental of appliances. HUD tenants like CAROL WILLIAMS paid $23 per month for the washer and dryer in 1985, and $35 per month for the washer and dryer in 1986. The parties orally agreed that the payment made by CAROL WILLIAMS for the appliances were $230 in 1985, and $186 in 1986.

The Orange County Housing Assistance office which administers the HUD Section 8 Housing Assistance Program was aware of the rental amounts charged by the prior management company for the condominiums, and that those amounts exceeded the rental amounts permitted under the Section 8 program. The maximum rental amounts HUD and Orange County would approve for BRITISH AMERICAN for the Kingston Court condominiums was $367 in 1985, and $380 in 1986. Orange County Housing Assistance was aware that BRITISH AMERICAN intended to charge the tenant a fee for the washer and dryer, in addition to the permitted rental amount. Testimony of the witness, Ken Sykes, indicated that Orange County Housing Assistance approved of the use of a separate rental agreement for the washer and dryer, but that the form and fee were not reviewed by their office.

11

Instead, Housing Assistance took the position that any agreement was between the landlord and the tenant.

## ISSUE I

Can a landlord charge a HUD tenant an additional amount for rental of appliances when it does not charge non-HUD tenants such a rental fee but does charge non-HUD tenants a higher rent?

The HUD Handbook for Section Eight Existing Housing Assistance (7420.7), Chapter 4-17C, provides that:

> C. *Separate Agreements for Items Not Included in the Contract Rent.* The owner may not assess, the family may not pay, extra payments in addition to the family's share of the Contract Rent stipulated in the lease and contract *unless the extra charges are for extra amenities which are not included in the same rent for any other units in the building and are not included in the rent in other comparable apartments or houses.* (Emphasis added by the Court.)

In this case, BRITISH AMERICAN rented condominiums with identical appliances to HUD and non-HUD tenants. BRITISH AMERICAN was limited by HUD and Orange County Housing Assistance to maximum rent that it could charge HUD tenants. As a means of recouping the loss of rent, BRITISH AMERICAN created appliance rental agreements for washers and dryers and set a rental fee for HUD tenants only. Washers and dryers were included in the rental premises and rent paid by non-HUD tenants. The non-HUD tenants had no additional agreement for a washer and dryer and no appliance rental fee.

Such a device is specifically prohibited by the HUD Handbook. The extra amenities, the washer and dryer, were included in the rent of the non-HUD units. The separate agreements for appliance rental and the fees collected under the agreements, were a violation of HUD policies as set out in the Handbook and were improper charges.

## ISSUE 2

Can a landlord who relied on conduct of the governmental agency use that reliance as a bar to a claim by the tenant for improperly charged fees?

BRITISH AMERICAN asserts that it believed from the conduct of Orange County Housing Assistance that its fee for appliances was approved.

The Section 8 Housing Assistance Program provides rental assistance to low income people. Tenants under such a program pay a portion of

12

the rent based on the tenant's income. Limitations are placed on extra charges to prevent a tenant from paying for charges above the allowed rent as a device to obtain additional rent for the landlord. The purpose of the provision in the HUD Handbook on Separate Agreements, Chapter 4-17C, is to prevent such agreements. It states the policy established by the Secretary of the Department of Housing and Urban Development in enacting the Section 8 program. No conduct of the Orange County Assistance Office would supercede that policy and its enforcement.

The Agreements for Appliance Rental are a violation of HUD policy and regulations as set in the Handbook and any fees collected were unauthorized and improper. The belief by BRITISH AMERICAN that the County Assistance Office approved the agreements is no defense to an action to recover those fees.

### ISSUE 3

Can a landlord use a 3 day notice to evict a tenant to enforce payment of an appliance rental fee?

The parties have stipulated that such a use by the landlord is improper.

It is therefore ORDERED and ADJUDGED as follows:

1. The Defendant, CAROL WILLIAMS, shall recover from Plaintiff, BRITISH AMERICAN REALTY CORPORATION, the sum of $416 for fees improperly charged and collected, for such let execution issue.

2. The Plaintiff, BRITISH AMERICAN REALTY CORPORATION, shall not use 3-day notices to evict to enforce payment of any appliance rental fee.

DONE, ORDERED and ADJUDGED at Orlando, Florida, this 5th day of March, 1987.